UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHO UNG MIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SELENE FINANCE, LP, et al.,<br><br>    Defendants. | Case No. 23-cv-06335-WHO<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

Plaintiff's application for a Temporary Restraining Order ("TRO") was filed in this court on December 14, 2023. *See* Dkt. No. 5 (the "Ex Parte App."). The plaintiff, through counsel, informed defendants Selene Finance, LP and Rushmore Loan Management, LLC on December 13, 2023, of his intention to file the Ex Parte App. *See* Dkt. No. 5-2 (declaration of Jessica Galetta, stating that she, as plaintiff's counsel, emailed defendants and/or their agents to notify them of the plaintiff's intent to seek ex parte relief).

I issued an order noticing a hearing for December 20, 2023, at 2:00 p.m., and ordering defendants to respond to plaintiff's contentions by 2:00 p.m. on December 19, 2023. *See* Dkt. No. 8 (the "Order"). The plaintiff was instructed to—and did—send copies of the Order to both defendants. *See* Dkt. No. 9 (Certificate of Service). Neither defendant responded to the plaintiff's contentions. I held a hearing on December 20, 2023, at 2:00 p.m. Plaintiff's counsel appeared; counsel for defendants did not.

Federal Rule of Civil Procedure 65 governs TROs. The standard for issuing a TRO is the same as that for issuing a preliminary injunction, which requires the plaintiff to establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in

the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.  The Ninth Circuit has held that "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

California law is clear that the foreclosure sale of a person's home is irreparable harm.  *See Park Village Apt. Tenants Ass'n*, 636 F.3d 1150, 1159 (9th Cir. 2011); *Wheat v. Thomas*, 208 Cal. 306 (1930); Cal Civ. Code § 3387; *see also Park Village Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011) ("the loss of an interest in real property constitutes an irreparable injury.").  The plaintiff here is scheduled to lose his home to foreclosure on December 27, 2023.  This clearly constitutes a high likelihood of irreparable harm.

The plaintiff has also shown numerous, serious questions as to the merits of his claims.  He raises several possible violations of California statutes and possible breach of contract claims.  *See* Dkt. No. 5-1, 7-13.  These questions include, among other things: (1) whether the defendants failed to issue him a single point of contact with his loan servicer when he sought a foreclosure prevention alternative, in violation of Cal. Civ. Code § 2923.7; (2) whether defendant Rushmore Loan Management, LLC failed to properly advise him about his options at the end of COVID-19 related loan forbearance, in violation of Cal. Civ. Code § 3273.11; (3) whether the defendants breached the implied covenant of good faith and fair dealing; (4) whether the plaintiff detrimentally relied on the defendants' representations about his loan status such that he is entitled to promissory estoppel; (5) whether defendant Selene Finance failed to follow the foreclosure alternative that defendant Rushmore laid out, in violation of Cal. Civ. Code § 2924.11(g); and (6) whether both defendants violated the unlawful prong of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 by violating the above-mentioned laws.  *See* Dkt. No. 5-1, 7-13.

These serious questions, plus the irreparable harm he faces through foreclosure, tip the balance toward the plaintiff.  *See Alliance for the Wild Rockies*, 632 F.3d 1127, 1132.  As this concerns a foreclosure action, the final two *Winter* elements are also met.  The balance of equities

tips in the plaintiff's favor, and the public interest is served by temporarily enjoining a potentially wrongful foreclosure.  *See Winter*, 555 U.S. 7, 20.

Accordingly, based on the Application, Points and Authorities, supporting declarations and moving papers, and plaintiff's counsel's statements at the hearing on December 20, 2023, and good cause having been shown, the Court finds as follows:

## TEMPORARY RESTRAINING ORDER

Pending hearing on the below Order to Show Cause and further order of the Court, defendants Selene Finance, LP and Rushmore Loan Management, LLC, their employees, agents and/or any other person or entity interacting with them or on their behalf, are restrained and enjoined from conducting a Trustee's Sale for the property located at 7229 Shannon Park Court, South San Francisco, CA 94080.

## ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

To Defendants Selene Finance, LP and Rushmore Loan Management, LLC and Their Counsel of Record:

You are ordered to appear on **February 28, 2024, at 2:00 p.m**. via Zoom videoconference to show cause why a preliminary injunction should not be issued enjoining the conducting of a Trustee's Sale for the property located at 7229 Shannon Park Court, South San Francisco, CA 94080.

This Order to Show Cause and supporting papers, including the Minute Order from today's hearing, shall be served on Defendants no later than December 22, 2023, at 5:00 p.m. by email, or by physical service.  Proof of such service shall be filed and delivered to the Court by no later than December 29, 2023.

Plaintiff may file a revised motion for a preliminary injunction by January 24, 2024; defendants shall oppose by February 7, 2024; and plaintiff may reply by February 14, 2024.  In the event defendants wish to dissolve or modify the Temporary Restraining Order earlier than February 28, 2024, they may ask Courtroom Deputy Jean Davis to be added to the Case Management Conference calendar (which occur on Tuesdays at 2:00 p.m.) at any time between now and then, and file a motion for dissolution or modification.

**OTHER MATTERS**

This case is referred to early mediation through the Court's ADR Program.

**IT IS SO ORDERED.**

Dated: December 20, 2023



William H. Orrick
United States District Judge